**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION**

**OSCAR STILLEY** **PETITIONER**

**v.** **Civil No. 07-2020**

**STEVEN TABOR, and
FRANK ATKINSON** **RESPONDENT**

**REPORT AND RECOMMENDATION**

Petitioner, a prisoner incarcerated in the Sebastian County Jail, Fort Smith, Arkansas, filed a Petition for Writ of *Habeas Corpus* (Docket # 1) pursuant to Title 28 United States Code Sec. 2254, together with a Motion for Stay Pending Determination of *Habeas* Petition (Docket #2) pursuant to Title 28 United States Code Sec. 2251.

**BACKGROUND**

The background information contained herein is taken from the Petition and attached exhibits. Petitioner is an attorney who represented a plaintiff in a tax payer suit originally filed in state court. The tax suit was dismissed on summary judgement and the state trial court found Petitioner to have violated Arkansas Rule of Civil Procedure Rule 11 on October 4, 2002. See Parker v. Perry, et al, No. CV-2002-276, Circuit Court Sebastian County, Arkansas.[1] The state court imposed monetary sanctions as a result

[1]Circuit Judge James Marschewski presided over the state trial court proceeding. Judge Marschewski has since been appointed United States Magistrate Judge and this matter was originally referred to Judge Marschewski upon filing in this



Dockets.Justia.com

of Petitioner’s violation of Rule 11 in that case. The Arkansas Supreme Court affirmed the Rule 11 sanctions on November 20, 2003. See Parker v. Perry, et al, 131 S.W.3d 338, 347-48 (Ark. 2003)(“As the trial court's order indicates, appellant's attorney filed a complaint that was identical to a previously litigated complaint and as such, appellant's complaint was barred by the doctrine of *res judicata.* Based on these actions, we cannot say that the trial court abused its discretion when it imposed sanctions on appellant's attorney.”) The Petitioner failed to pay the sanctions following the decision of the Arkansas Supreme Court. On September 22, 2004, the state trial court entered an order directing Petitioner to provide financial information concerning his ability to pay the sanctions imposed. The Petitioner did not comply with this order.

Thereafter, the defendants, who were owed costs and fees as a result of the Rule 11 sanctions, each filed a motion for contempt based on Petitioner’s failure to comply with the September 22, 2004, order. Following a hearing on January 14, 2005, the state trial court held Petitioner in contempt of court for failure to comply with the September 22, 2004, order to provide financial records. Petitioner was fined and ordered incarcerated for thirty (30) days. Petitioner appealed this decision to the Arkansas

court. The case was reassigned to the undersigned on March 6, 2007.

Supreme Court and the contempt finding of the state trial court was affirmed in Stilley v. Fort Smith School District, et al, ___ S.W.3d ___, 367 Ark. 193 (2006)("Appellees correctly point out that the circuit court found Stilley in contempt for failing to comply with the September 22, 2004, order, which directed the filing of financial information. Stilley is simply wrong in stating that he was incarcerated for failing to pay Rule 11 sanctions").[2]

On March 2, 2007, the petition for *habeas* relief was filed by Petitioner in this matter. The Motion for Stay, pursuant to Section 2251, was filed the same day. Petitioner essentially alleges in his petition that he is being confined as the result of the denial of a "competent" or unbiased tribunal in the original tax case, Parker v. Perry, et al.

**DISCUSSION**

By filing his Petition for Writ of *Habeas Corpus*, Petitioner has bestowed upon the Court, jurisdiction to consider whether or not a stay of the pending state court action is appropriate. See, McFarland v. Scott, 512 U.S. 849 (1994). Section 2251 provides the statutory authority and reads in pertinent part:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, **may**, before final

[2]The state trial court characterized the contempt proceeding as civil in nature. The Arkansas Supreme Court disagreed and characterized the contempt proceeding as criminal. The Arkansas Supreme court did uphold the finding of contempt and the imposition of thirty-days incarceration as punishment for the contempt.

> judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding. (emphasis added)

In determining whether to grant a stay of a state court proceeding pursuant to Section 2251, four factors should be considered:

> 1. Whether the movant has made a showing of likelihood of success on the merits;
>
> 2. Whether the movant has made a showing of irreparable injury if the stay is not granted;
>
> 3. Whether the stay would substantially harm other parties; and
>
> 4. Whether granting the stay would serve the public interest.

See, Hilton v. Braunskill, 481 U.S. 770 (1987). The decision of whether or not to grant a stay of state court proceeding is left to the discretion of the federal court before which the petition is pending, and even a capital *habeas* petitioner is not automatically entitled to a stay of imposition of the sentence. See, Anderson v. Buell, 516 U.S. 1100(1996)("Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court").

Petitioner's claims are not extraordinary in their legal weight nor in their merit on the face of the record. The Petition here, even if the Court assumes the facts alleged therein to be true, does not show a likelihood that Petitioner will successfully

establish bias by the state trial court in the underlying case.

His essential claim is that the state trial judge was biased and unfair. Judges are presumed to be unbiased and the Petitioner has the burden of demonstrating otherwise. See U.S. v. Walker, 920 F.2d 513, 517(8th Cir. 1990). It appears clear from the information provided by the Petitioner that he was ordered to provide certain financial information to the state court. According to the information Petitioner provided he failed to follow that order and was held in contempt for that action. His argument regarding bias of the trial court is directed not to the contempt proceeding but rather to the case from which the contempt proceeding arose. He fails to state any undue bias against him personally which would lead to a conclusion that he was denied a "competent" tribunal in the case at issue, namely the contempt proceeding.[3]

Further, Petitioner has not shown that irreparable harm will occur to him in the absence of a stay of the state court proceeding. He served fifteen (15) days of the thirty (30) day sentence prior to filing the petition. His sentence is not significantly different from other *habeas* petitioners serving jail

---

[3]Petitioner fully availed himself of the state court appellate system. He raised the bias argument before the Arkansas Supreme Court and that argument was rejected. See Stilley v. Fort Smith School District, et al,___ S.W.3d ___, 367 Ark. 193 (2006).

sentences and in fact is less harmful than most in that Petitioner is serving the sentence by surrendering himself each evening to the detention facility and is released, allowed to go to work during the day.[4] Essentially, the Petitioner is spending the night at the detention facility.

Finally, a stay would not serve the public interest in having a fair, orderly and efficient judicial system. The public, and in this case particularly the citizens of Sebastian County, Arkansas, are entitled to have the court system operate in a fair and predictable manner. One of the essential pillars of our judicial system is that parties and attorneys appearing before a court, follow the orders of that court. A stay of the state contempt proceeding would directly undermine the authority of that court.

## CONCLUSION

Because there is no clear suggestion on the pleadings filed to date that Petitioner is likely to be successful on the merits of his petition, and because the severity of a thirty-day jail sentence is offset by factors of considerable weight, including his being held in contempt for willful violation of a court order thereby undermining the public interest in an orderly judicial

[4]Petitioner stated at a status conference held before the undersigned on March 8, 2007, that he is actually serving the thirty day sentence by surrendering himself to the detention facility in the evenings and being released the next day to work at his law practice.

system and his having full opportunity to exhaust his appellate rights in a prior state court proceedings, I recommend the Motion for Stay be denied.[5]

**Petitioner has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to Title 28 United States Code Section 636(b)(1). The failure to timely file objections may result in the waiver of the right to appeal questions of fact. Petitioner is reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**SIGNED** this 9th day of March, 2007.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[5]It is noted that neither respondent has been ordered to answer the Petition or the Motion for Stay at the time of this Report and Recommendation. Petitioner stated at the status conference held on March 8, 2007, that the Sebastian County Prosecuting Attorney had no objection to the grant of a stay. Other than Petitioner's assertion, there is nothing in the record to substantiate or dispute this assertion.