IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

OSCAR STILLEY                                                                    PETITIONER

v.                                          Case No. 2:07-cv-2020

STEPHEN TABOR, Circuit Judge                                          RESPONDENTS
Sebastian County Arkansas, and
FRANK ATKINSON, Sheriff
Sebastian County Arkansas

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 2, 2007, Petitioner, OSCAR STILLEY, filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (1996), alleging unconstitutional confinement in the county jail of Sebastian County, Arkansas.  The petition was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of the case.

### A.  Procedural Background:

Petitioner is an attorney who represented a plaintiff in a tax payer suit originally filed in Arkansas state court.  The tax suit was dismissed on summary judgement and the state trial court found Petitioner to have violated Arkansas Rule of Civil Procedure Rule 11 on October 4, 2002.  The state court imposed monetary sanctions as a result of Petitioner's violation of Rule 11 in that case.  The Arkansas Supreme Court affirmed the Rule 11 sanctions on November 20, 2003.  *See Parker v. Perry, et al*,  131 S.W.3d 338, 347-48 (Ark. 2003).  On September 22, 2004, the state trial court, in an effort to enforce its earlier sanction order, ordered Petitioner to provide certain financial records

-1-

to the defendants in the state court action.    Petitioner failed to provide the financial records.

Following a hearing on January 14, 2005, the state trial court held Petitioner in contempt of court

for failure to comply with the September 22, 2004, and ordered Petitioner fined and incarcerated for

thirty (30) days.  Petitioner appealed this contempt decision to the Arkansas Supreme Court.  The

contempt finding of the state trial court was affirmed in *Stilley v. Fort Smith School District*, *et*

*al*,___ S.W.3d ___, 367 Ark. 193 (2006)("Appellees correctly point out that the circuit court found

Stilley in contempt for failing to comply with the September 22, 2004, order, which directed the

filing of financial information. Stilley is simply wrong in stating that he was incarcerated for failing

to pay Rule 11 sanctions").  Petitioner surrendered for service of the thirty (30) day jail sentence on

February 15, 2007.   *See* Petition (Doc. No. 1, p 4).

### B.  Current Petition:

On March 2, 2007, Petitioner filed the instant Petition for *habeas corpus* relief pursuant to

28 U.S.C. § 2254 in this Court.  Petitioner alleged that he was being unconstitutionally held in the

county jail pursuant to the state court contempt proceeding.  On March 20, 2007, the Court ordered

Respondents to answer the Petition.   (Doc. No. 10).  Respondents filed their Motion to Dismiss

(Doc. No. 13) on April 12, 2007, asserting that the Petition was moot because (1) Petitioner had been

"released unconditionally" from custody on or about March 17, 2007, and (2) that Respondent Tabor

was never the custodian of Petitioner and thus not a proper party in any event.  Thereafter, on April

23, 2007, Petitioner filed a Motion to Withdraw Petition  (Doc. No. 15) also asserting that the

Petition was now moot.

### C. **Discussion**:

Petitioner was released from custody on March 17, 2007.   He fully and completely served

his sentence and is not subject to continuing supervision or any other form of jeopardy as a result of

the thirty (30) day contempt sentence.  Petitioner's release from custody did not automatically moot

his petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.  *See, e.g., Carafas v. LaVallee*,

391 U.S. 234, 238 (1968)(statute merely requires petitioner be in custody at the time the petition is

filed).  His release from custody did, however, render his action moot as a constitutional matter

under Article III, § 2 of the Constitution. *See Spencer v. Kemna*, 523 U.S. 1 (1998)(discussing

long-established rule that once a sentence to custody has expired, some concrete and continuing

injury must continue to flow from the challenged order or judgment if the suit is to be maintained

under Article III).  Here, once Petitioner was released from custody, having served the entirety of the

thirty (30) day sentence, he was subject to no further consequence from the contempt sentence and

his claim for *habeas corpus* relief became moot.  Respondent's Motion to Dismiss (Doc. No. 13) and

Petitioner's Motion to Withdraw Petition (Doc. No.  15) are therefore both well taken and should

be granted.

### D. **Recommendation**:

Accordingly, based on the foregoing, it is recommended that Respondent's Motion to

Dismiss (Doc. No. 13) and Petitioner's Motion to Withdraw Petition (Doc. No.  15) both be

**GRANTED**, and the instant Petition be denied moot.

**The parties have ten (10) days from receipt of this Report and Recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely**

**objections may result in waiver of the right to appeal questions of fact.  The parties are**

reminded that objections must be both timely and specific to trigger *de novo* review by the

district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8ᵗʰ Cir. 1990).

        **DATED** this **25th day of April, 2007.**


                       /s/ Barry A. Bryant
                      HON. BARRY A. BRYANT
                      U.S. MAGISTRATE JUDGE